IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NO. 22-30500-swe7 | |
| DENNIS JAMES ROGERS II, § | | |
|     Debtor. § | CHAPTER 7 | |

| | | |
|---|---|---|
| AREYA HOLDER AURZADA, § | | |
| CHAPTER 7 TRUSTEE FOR THE § | | |
| BANKRUPTCY ESTATE OF § | | |
| DENNIS JAMES ROGERS II § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Adversary No. 24-03028 | |
| § | | |
| FUNDERZ.NET, LLC, § | | |
|     Defendant. § | | |

## RULE 7026 REPORT

Pursuant to Federal Rule of Bankruptcy Rule 7026, Federal Rule of Civil Procedure 26(f), and the Court's "Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order" ("Preliminary Order"), Areya Holder Aurzada ("Trustee" or "Plaintiff") in her capacity as Chapter 7 Trustee for Dennis James Rogers II and Funderz.net, LLC ("Funderz" or "Defendant"), through their undersigned counsel, provide the following report to the Court:

I. Background

    Plaintiff asserts that this is a Ponzi case. Plaintiff further asserts that Defendant obtained no less than $11.5 million from a $10 million loan transaction with an entity that was a mere alter ego of the Debtor and was wholly owned by the Debtor. Defendant received the $11.5 million from entities that were mere alter egos of the Debtor and wholly owned by the Debtor.

    Plaintiff asserts multiple fraudulent transfer claims under state and federal law.

    Plaintiff asserts that Defendant was, at least, on inquiry notice when it received these funds and thus, Plaintiff seeks to recover both interest and principal.

    Defendant asserts that this is not a Ponzi case and that Defendant was a defrauded by the Debtor into lending the Debtor's affiliated business money, guaranteed by the Debtor, and

was not a Ponzi scheme investor. Defendant asserts that it was repaid amounts validity owed on account of its contract with the Debtor and his affiliated businesses and is not liable for constructive or actual fraudulent transfers.

Defendant asserts that it is the subsequent transferee of some or all of the funds, that an alter ego determination does not merge the Debtor and his businesses, and that Defendant was not on inquiry notice of the Debtor's misconduct when Defendant received some or all of the transfers.

II. **Federal Rule of Civil Procedure 26(f)(3)**

The parties' views and proposals are as follows:

A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

The parties have agreed to toll the exchange of Initial Disclosures until Defendant files an answer, as set forth in the proposed scheduling order filed contemporaneously herewith.

B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues?**

Plaintiff asserts that she is entitled to broad discovery regarding Defendant's interaction with the Debtor (including the alter ego entities) including, but not limited to, Defendant's due diligence into Debtor, timing of the loans, timing of the repayments, Defendant's knowledge of Debtor's business at the time of repayments, and all documents relating to these issues.

Defendant asserts that it is entitled to broad discovery regarding the alleged Ponzi scheme, including the specifics of any alleged investments or repayments. Defendant is also entitled to broad discovery regarding the interactions between the Debtor and his businesses that allegedly justify an alter ego finding, including which entity made repayment transfers to Defendant. Defendant is also entitled to broad discovery regarding the Debtor's state of mind and other related facts related to a finding of actual fraudulent intent by the Debtor in making the transfers.

See section F below regarding timing.

C. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced?**

The parties are preserving electronically stored information. The parties intend to follow generally accepted e-discovery practices such as producing spreadsheets, if any, in their native forms.

    **D. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502?**

    The parties reserve the right to request protective orders as discovery progresses.

    **E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

    None at this time.

    **F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)?**

    A Motion to Dismiss the complaint is pending. Plaintiff and Defendant have agreed to extend Plaintiff's deadline to respond to the Motion to Dismiss, or amend the complaint by right, through July 22, 2024. The parties anticipate that if the complaint is amended a renewed motion to dismiss will follow. Given the status of the case, the parties submit that all discovery deadlines and other case deadlines and events should be tolled until Defendant files an answer. The parties have agreed to the case timeline in the proposed scheduling order filed contemporaneously herewith, with a trial the week of February 3, 2025, understanding that the parties may request this trial date be moved.

**III. Other Issue(s)**

    **A. Possibility for Prompt Settlement**

    The parties believe that settlement is unlikely before the resolution of Defendant's pending Motion to Dismiss.

    **B. ADR**

    The parties believe that mediation is appropriate after the resolution of Defendant's pending Motion to Dismiss.

Respectfully submitted,

Dated:  July 11, 2024

| | |
|---|---|
| By: */s/ David B. Miller*  <br>David B. Miller  <br>Texas Bar No. 00788057  <br>david@schneidlaw.com  <br>**SCHNEIDER MILLER REYNOLDS, P.C.**  <br>300 N. Coit Road, Suite 1125  <br>Richardson, Texas 75080  <br>Telephone:  (972) 479-1112  <br>Facsimile:  (972) 479-1113  <br><br>-and-  <br><br>T. Micah Dortch  <br>Texas Bar No. 24044981  <br>micah@dll-law.com  <br>**DORTCH LINDSTROM LIVINGSTON LAW GROUP**  <br>2613 Dallas Parkway, Suite 220  <br>Plano, TX  75093  <br>Telephone:  214-252-8258  <br>Facsimile:  888-653-3299  <br><br>***Special Counsel for the Trustee*** | By: */s/ Michael W. Bishop*  <br>Micheal W. Bishop  <br><br>Carmen Contreras-Martinez (admitted *pro hac vice*)  <br>**SAUL EWING LLP**  <br>701 Brickell Avenue, Suite 1700  <br>Miami, FL 33131  <br>(305) 428-4500  <br>carmen.contreras-martinez@saul.com  <br><br>-and-  <br><br>Turner N. Falk (admitted *pro hac vice*)  <br>Centre Square West  <br>1500 Market Street, 38th Floor  <br>Philadelphia, PA 19102-2186  <br>(215) 972-8415  <br>turner.falk@saul.com  <br><br>-and-  <br><br>**GRAY REED**  <br>Micheal W. Bishop (TX Bar No. 02354860)  <br>Amber M. Carson (TX Bar No. 24075610)  <br>1601 Elm Street, Suite 4600  <br>Dallas, Texas 75201  <br>(214) 954-4135  <br>mbishop@grayreed.com  <br>acarson@grayreed.com  <br><br>***Counsel to Funderz.net, LLC*** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2024, I caused a copy of the foregoing to be served on all counsel of record through the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas by electronic mail.

By: */s/ David B. Miller*  
David B. Miller