IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NO. 22-30500-swe7 | |
| DENNIS JAMES ROGERS II, § | | |
| Debtor. § | CHAPTER 7 | |

| | | |
|---|---|---|
| AREYA HOLDER AURZADA, § | | |
| CHAPTER 7 TRUSTEE FOR THE § | | |
| BANKRUPTCY ESTATE OF § | | |
| DENNIS JAMES ROGERS II § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Adversary No. 24-03028 | |
| § | | |
| FUNDERZ.NET, LLC, § | | |
| Defendant. § | | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Trustee's Complaint (the "Motion to Dismiss") filed by Defendant Funderz.Net, LLC ("Defendant"). (Dkt. No. 5). Since the filing of the Motion to Dismiss, Plaintiff has filed an Amended Complaint (Dkt. No. 20) and a Notice of

ORDER  Page 1

Mootness regarding the Motion to Dismiss (Dkt. No. 21).

It is well established that a later-filed amended complaint moots a motion asking the Court to dismiss an earlier-filed complaint. *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) ("Once filed, that amended complaint rendered all earlier motions … moot."); see also *Bishop Display Tech LLC v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-00139-JRG, Dkt. No. 40 (E.D. Tex. Oct. 4, 2021) ("Once Plaintiff filed its amended complaint, the Motion became moot."); *Ultravision Technologies, LLC v. Eaton Corp. PLC*, No. 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 7, 2019) ("Accordingly, the filing of an amended complaint moots a motion to dismiss the original complaint.").

Accordingly, the Court finds that the Motion to Dismiss (Dkt. No. 5) should be and hereby is **DENIED-AS-MOOT**.

<u>**# # # END OF ORDER # # #**</u>