Carmen Contreras-Martinez (admitted *pro hac vice*)
**SAUL EWING LLP**
701 Brickell Avenue, Suite 1700
Miami, FL 33131
(305) 428-4500
carmen.contreras-martinez@saul.com

-and-

Turner N. Falk   (admitted *pro hac vice*)
**SAUL EWING LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-8415
turner.falk@saul.com

*Counsel to Funderz.Net, LLC*

Micheal W. Bishop
Texas Bar No. 02354860
Amber M. Carson
Texas Bar No. 24075610
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
mbishop@grayreed.com
acarson@grayreed.com

*Counsel to Funderz.Net, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>DENNIS JAMES ROGERS II,<br><br>          Debtor. | (Chapter 7)<br><br>Case No. 22-30500-SWE |
| AREYA HOLDER AURZADA, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF DENNIS JAMES ROGERS II<br><br>Plaintiff,<br><br>v.<br><br>FUNDERZ.NET, LLC<br><br>Defendant. | Adv. Pro. No. 24-03028-SWE |

### REPLY MEMORANDUM
### IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ............................................................................................................ 1

ARGUMENT .................................................................................................................... 1

    A.    The Debtor Did Not Own Funds in the Accounts of the Affiliated Entities........... 1

    B.    Alter Ego Does Not Cause a De Facto Merger ...................................................... 3

    C.    The Trustee Misapplies the Ponzi Presumption of Actual Fraudulent Intent ........ 3

    D.    The Trustee Does Not Plead the Badges of Fraud ................................................. 5

    E.    The Trustee Misstates Precedent on Reasonably Equivalent Value ...................... 5

    F.    The Trustee Cannot Plead the Timeline Required to Show Lack of Good Faith ... 7

    G.    Unjust Enrichment is Inadequately Pled ............................................................... 7

    H.    Section 550 Limits the Trustee's Recovery to the Value of the Transfers ............. 8

    I.    The Trustee Should Not Be Permitted to Cure Pleading Deficiencies Through Yet Another Amendment ............................................................................................. 9

CONCLUSION .............................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brown v. Phillips (In re Phillips)*,
  379 B.R. 765 (Bankr. N.D. Ill. 2007) ......................................................................8

*Byman v. Denson (In re Edwards)*,
  537 B.R. 797 (Bankr. S.D. Tex. 2015) ...................................................................8, 9

*Castleberry v. Branscum*,
  721 S.W.2d 270 (Tex. 1987).....................................................................................3

*Coral Petroleum, Inc. v. Banque Paribas-London*,
  797 F.2d 1351 (5th Cir. 1986) .................................................................................2

*Frank v. Ward (In re Ward)*,
  557 B.R. 508 (Bankr. N.D. Tex. 2016)....................................................................3

*Gardemal v. Westin Hotel Company*,
  186 F.3d 588 (5th Cir. 1999) ...................................................................................3

*Genova v. Rivera Funeral Home (In re Castillo)*,
  39 B.R. 45 (Bankr. D. Colo. 1984) ..........................................................................2

*Hirsch v. Arthur Andersen & Co.*,
  72 F.3d 1085 (2d Cir. 1995)......................................................................................4

*Janvey v. Alguire*,
  628 F.3d 164 (5th Cir. 2010), superseded by 647 F.3d 585 (5th Cir. 2011) ...........4

*Janvey v. Alguire*,
  846 F. Supp. 2d 662 (N.D. Tex. 2011) ....................................................................4

*Janvey v. Brown*,
  767 F.3d 430 (5th Cir. 2014) ................................................................................5, 6

*Jimmy Swaggart Ministries v. Hayes (In re Hannover Corp.)*,
  310 F.3d 796 (5th Cir. 2002) ...................................................................................6

*Jones v. Robinson Prop. Grp., LP*,
  427 F.3d 987 (5th Cir. 2005) .................................................................................10

*Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings, Inc.)*,
  926 F.3d 103 (5th Cir. 2019) ...................................................................................4

*Matter of Southmark Corp.*,
    49 F.3d 1111 (5th Cir. 1995) ................................................................................2

*Stettner v. Smith (In re IFS Financial Corp.)*,
    669 F.3d 255 (5th Cir. 2012) ................................................................................2

*Stripling v. Jordan Production Co., LLC*,
    234 F. 3d 863 (5th Cir. 2000) ...............................................................................9

*In re TOCFHBI, Inc.*,
    413 B.R. 523 (Bankr. N.D. Tex. 2009) .................................................................7

*Tow v. Speer*,
    No. CV H-11-3700, 2015 WL 12765414 (S.D. Tex. Aug. 17, 2015) ..................8, 9

*Trauner v. Delta Air Lines, Inc. (In re Think Retail Sols., LLC)*,
    Case No. 15-56153-BEM, 42-43 (Bankr. N.D. Ga. Jul. 5, 2019)...........................6

**Statutes**

11 U.S.C. § 544 .............................................................................................................8, 9

11 U.S.C. § 548 ....................................................................................................................9

11 U.S.C. § 550 ...........................................................................................................3, 8, 9

Texas Uniform Fraudulent Transfer Act.......................................................................8, 9

**Other Authorities**

Fed. R. Civ. P. 9(b) ............................................................................................................5

Fed. R. Civ. P. 12(b)(6)......................................................................................................9

Defendant Funderz.net, LLC ("Funderz") files this Reply in support of its motion (the "Motion")[1] to dismiss the Amended Complaint filed by Areya Holder Aurzada, Chapter 7 Trustee for the Bankruptcy Estate of Dennis James Rogers II and respectfully states as follows:

## INTRODUCTION

1.      Funderz's Motion showed that the Amended Complaint did not plead a Ponzi scheme or actual fraud, alleged Transfers of non-Debtor property, and highlighted the limited impact of an alter ego finding.  In the Response, the Trustee puts forth new theories for liability, alleging that the Debtor owned funds titled in the names of Affiliated Entities, and misquotes or misapplies case law to make arguments contrary to binding precedent.  As set forth in the Motion and this Reply, the Amended Complaint has not corrected any of the deficiencies in the initial Complaint.  It must be dismissed with prejudice.

## ARGUMENT

### A.      The Debtor Did Not Own Funds in the Accounts of the Affiliated Entities

2.      The Trustee's Response concedes that Transfers in excess of $3.8 million were made to Funderz out of accounts titled in the names of the Affiliated Entities, not the Debtor. These Transfers cannot be avoided because they are not transfers of property of the Debtor.

3.      The Amended Complaint pleads that the Affiliated Entities should be considered alter egos and their separateness should be disregarded.  It does not plead that the Debtor owned the funds in their accounts.  This alone is sufficient to disregard the Trustee's newly-raised argument that the Debtor owned the funds transferred from Affiliated Entities.

4.      The Trustee also misapplies the law on deemed ownership, inverting the policy purposes behind it to attempt to obtain a windfall for the estate.  The cited cases hold that a debtor is an owner for transfer avoidance purposes when the non-debtor's transfer diminishes the debtor's

---

[1] All capitalized defined terms have the same meaning as in the Motion.

estate: "the primary consideration in determining if funds are property of the debtor's estate is whether the payment of those funds diminished the resources from which the debtor's creditors could have sought payment." *Stettner v. Smith (In re IFS Financial Corp.)*, 669 F.3d 255, 263 (5th Cir. 2012).

5.     Deemed ownership ensures that a debtor cannot insulate himself from creditors while placing all his assets in technically-separate entities: "it is essential that the debtor have an interest in the property transferred so that the estate is thereby diminished." *Coral Petroleum, Inc. v. Banque Paribas-London*, 797 F.2d 1351, 1355-56 (5th Cir. 1986) quoting *Genova v. Rivera Funeral Home (In re Castillo)*, 39 B.R. 45, 46 (Bankr. D. Colo. 1984). "[I]f funds cannot be used to pay the debtor's creditors, then they generally are not deemed an asset of the debtor's estate" for avoidance purposes. *Matter of Southmark Corp.*, 49 F.3d 1111, 1117 (5th Cir. 1995).

6.     In all the cases cited above, the debtor commingled funds with those allegedly owned by non-debtors. In this case, the Amended Complaint pleads that no commingling occurred: the Debtor and Affiliated Entities used separate bank accounts for separate transactions.

7.     The Debtor did not deplete his personal funds to place money into the Affiliated Entity bank accounts. Instead, the opposite occurred: the Affiliated Entities made Transfers reducing the amount owed by the Debtor to Funderz. The Trustee concedes that "the Trustee does not assert that the transfers to Funderz were transferred other than the single time they were transferred to Funderz." Response ¶ 54.

8.     This concession demonstrates that the Debtor did not disadvantage himself and his estate when the Affiliated Entities made the Affiliated Entity Transfers. The Affiliated Entity Transfers reduced the amount the Debtor owed on his personal guaranty, bolstering the estate. The Debtor cannot be the *de facto* owner of funds in the Affiliated Entities. Transfers from these entities were not transfers of the property of the Debtor.

2

**B.      Alter Ego Does Not Cause a De Facto Merger**

9.      The Response admits that *Frank v. Ward (In re Ward)*, 557 B.R. 508, 516 n.9 (Bankr. N.D. Tex. 2016) states that "alter ego is only an imposition of liability" and not a *de facto* merger of entities.[2]  The Response cites no case finding *de facto* merger.

10.      Despite the Response's argument to the contrary, *Gardemal v. Westin Hotel Company*, 186 F.3d 588 (5th Cir. 1999) does address whether this principle is limited (as in an "imposition of liability" theory) or unlimited (as in a *de facto* merger theory).  The Fifth Circuit clearly held for limited imposition of liability: "the law will likewise disregard them **so far as is necessary to protect individual and corporate creditors**." *Id*. at 593 n.2 citing *Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex. 1987) (emphasis added).

11.      The Trustee must first prove the Debtor was liable for a debt (here, avoidance recovery under Section 550), then show that it would be proper for that debt to be assessed against Affiliated Entities that are alleged alter egos.  What the Trustee cannot do is take Transfers made by the Affiliated Entities, turn them into liabilities of the Debtor and then assess them against the Affiliated Entities.  This process – exactly what the Trustee seeks to achieve – is *de facto* merger, prohibited under applicable Texas law.  All claims arising from the Affiliated Entity Transfers cannot be recovered from Funderz and must be dismissed.

**C.      The Trustee Misapplies the Ponzi Presumption of Actual Fraudulent Intent**

12.      The Amended Complaint pleads that "Rogers has plead guilty to securities fraud." Am. Compl. ¶ 17.  The Response materially changes this allegation, falsely stating that "Rogers has been convicted of securities fraud and **has admitted operating a Ponzi scheme**."  Response ¶ 1 (emphasis added).  The Court must disregard unproven facts outside the Amended Complaint.

---

[2] As *Ward* explained, under the controlling "imposition of liability" theory of alter ego, "the assets of the non-debtor entity may become liable for the payment of a specific debt owed by the Debtor (because alter ego is a remedy to assist in the collection of a proven debt against the Debtor), but the Debtor and the non-debtor remain legally distinct entities." *Id.* at 515–16.

13.     The Ponzi presumption may only be applied if the "enterprise operated as a Ponzi scheme'", and upon such a showing the presumption applies to all persons involved "without proving which of the entities involved in the scheme was the transferor." *Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 119 (5th Cir. 2019) quoting *Janvey v. Alguire*, 846 F. Supp. 2d 662, 672 (N.D. Tex. 2011).[3]

14.     The Ponzi presumption applies to enterprises where the entities involved generate a false impression of profitability to create a constant stream of new investors to pay old investors. Any transfer from any entities involved in that enterprise may be avoided as actually fraudulent, without the necessity of proving which involved entity made the transfer.

15.     These principles show that the Ponzi presumption does not apply to the instant case. Funderz loaned money to OMTC, an entity that was on the Fuel Fraud side of the Debtor's schemes. The Amended Complaint and plea deal attached to it do not allege any payment of older investors or creditors out of new investors or creditors of the Fuel Fraud, but do make this allegation for the **separate** Water Fraud. The Water Fraud involved different Affiliated Entities.

16.     The Amended Complaint also fails to plead the key aspect of a Ponzi scheme related to Funderz's lending: promises of high returns from profits. Funderz did not lend to get above-market returns on a speculative investment based on promises of massive, fake profits. It loaned money at the market rate for high-risk lending, after being solicited by the Debtor in its role as a lender. Like a traditional loan, and unlike a Ponzi investment, the loan was supposedly secured - by fuel rights the Debtor and Affiliated Entities never possessed.

---

[3] For an enterprise to "operate as a Ponzi scheme":

> The corporation gives the appearance of being profitable by obtaining new investors and using those investments to pay for the high premiums promised to earlier investors. The effect of such a scheme is to put the corporation farther and farther into debt by incurring more and more liability and to give the corporation the false appearance of profitability in order to obtain new investors.

*Janvey v. Alguire*, 628 F.3d 164 (5th Cir. 2010), superseded by 647 F.3d 585 (5th Cir. 2011) quoting *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 n.3 (2d Cir. 1995)) (alteration in original).

17.     Funderz did not act like a Ponzi participant responding to the kind of incentives that justify the Ponzi presumption.  It was a high-risk lender lending money at relevant rates for its industry, allegedly secured by assets.  The Amended Complaint does not allege that any person made a Ponzi-like investment into the OMTC-facilitated Fuel Fraud.  The Ponzi presumption does not apply, and the Trustee has not pled actual fraudulent intent.

**D.     The Trustee Does Not Plead the Badges of Fraud**

18.     The Trustee neglected to plead the badges of fraud.  The Amended Complaint does not plead inadequate consideration: OMTC and the Debtor entered into a normal loan contract with Funderz, agreeing to terms therein, and OMTC received the promised loan funds in exchange.  When Funderz received the Transfers, it reduced the debt accordingly, providing exactly-equal consideration at both the inception of the transaction and upon receipt of the Transfers.

19.     The Amended Complaint does not plead any relevant facts to establish a timeline to show when the Debtor's financial condition or the cumulative effect of transactions overwhelmed the Debtor.  Without this specificity as required by Rule 9(b), Funderz cannot assess or defend itself from these allegations.

20.     Further, even if these two badges are present in the Amended Complaint, they are insufficient given that all other badges of fraud demonstrate a lack of fraudulent intent and a tense, but commercial, repayment process to Funderz.  Because the Trustee does not plead sufficient badges of fraud, the Amended Complaint does not demonstrate actual fraudulent intent.

**E.     The Trustee Misstates Precedent on Reasonably Equivalent Value**

21.     The Response alleges that the constructive fraud claims are viable because "investments in Ponzi schemes do not add value, they only create debt."  To do so, the Response distorts *Janvey v. Brown*, 767 F.3d 430 (5th Cir. 2014).  First, that case only addressed "reasonably equivalent value" through the lens of the "good faith taker for value" defense, not the "lack of reasonably equivalent value" element of the affirmative avoidance claim.  The "reasonably

equivalent value" analysis used in assessing a prima facie fraudulent transfer claim looks at value from the debtor/transferor's perspective. But "the value analysis for the good-faith defense is viewed from Defendant's perspective and the question is "[h]ow much did the transferee 'give?' The concern here ... is for the transferee's side of the exchange, not the transferor's gain."" *Trauner v. Delta Air Lines, Inc. (In re Think Retail Sols., LLC)*, Case No. 15-56153-BEM, 42-43 (Bankr. N.D. Ga. Jul. 5, 2019) citing *Jimmy Swaggart Ministries v. Hayes (In re Hannover Corp.)*, 310 F.3d 796, 802 (5th Cir. 2002) (applying UFTA provision under Georgia law).

22.    Second, that case addressed only actual fraud: "It is well-established that the Stanford principles operated the Stanford entities as a Ponzi scheme, and the existence of the Ponzi scheme establishes fraudulent intent." *Brown*, 767 F.3d at 439.

23.    Third, that court held that the underlying investment contracts were void: "**Here, we conclude that there is no valid claim for interest; the CDs issued by SIB are void and unenforceable**. This is because "[t]o allow an [investor] to enforce his contract to recover promised returns in excess of his undertaking would be to further the debtors' fraudulent scheme as the expense of other [investors]." *Id*. at 441. (emphasis added). The Response omits the highlighted portion of the quote, misstating the binding precedent: the entire reason the *Brown* court found that no value had been provided was that the underlying investments, traditional Ponzi "investments" and not loans, were void. *Id*. There are no cases – the Trustee certainly cites none – holding that a loan offered on market terms to a fraudulent schemer is void.

24.    Funderz' loan is not void; it applied the Transfers to reduce the debt owed, providing reasonably equivalent value per se. Seen from the Debtor's perspective, each Transfer reduced his liability. Seen from Funderz's perspective, it received one dollar for each dollar of enforceable debt it satisfied. From either angle, Funderz provided reasonably equivalent value. The Amended Complaint pleads facts that show that, for both analyses, reasonably equivalent value was conveyed. The constructive fraud claims must be dismissed.

**F.      The Trustee Cannot Plead the Timeline Required to Show Lack of Good Faith**

25.      As set forth in the Motion, the Amended Complaint does not even attempt to plead when Funderz was on inquiry notice of the alleged avoidability of the Transfers.  The Amended Complaint alleges that Funderz sued the Debtor and OMTC on some unspecified date, received the Transfers on or before August 12, 2020, and then "At some later point, as set forth in their amended petitions [in the suit], Funderz specifically knew that Rogers used their funds to pay other investors and state so in sworn pleadings."  Am. Compl. ¶ 24.

26.      Even if this type of knowledge put Funderz on inquiry notice, the Amended Complaint does not actually plead that Funderz had this knowledge at the time it received any of the Transfers.  Without this most basic timeline, which is allegedly shown by public pleadings the Trustee has declined to cite, the Amended Complaint cannot plead a lack of good faith.

**G.      Unjust Enrichment is Inadequately Pled**

27.      The Trustee agrees that unjust enrichment cannot stand if a valid contract is in place.  Response ¶ 56.  The Amended Complaint does not allege that the Funderz contract is void.

28.      The Response does not newly allege the contract is void, but mentions that "underlying contracts may be void and unenforceable for a variety of reasons."  Response ¶ 56.  An allegation that certain facts may or may not be true pending other unpled facts is not a well-pled allegation.  The Amended Complaint pleads that a contract existed, so the Trustee cannot recover in unjust enrichment.

29.      The Trustee alleges that the *in pari delico* defense against unjust enrichment is highly fact-specific.  True, but here the Amended Complaint itself specifically pleads the Debtor's improper conduct in making the Transfers, and these allegations must be taken as true at this stage.[4]

---

[4] For this reason, the Trustee's citation to *In re TOCFHBI, Inc.*, 413 B.R. 523, 537 (Bankr. N.D. Tex. 2009), analyzing a genuine dispute over facts at the summary judgment stage, is inapposite.

30.     For these reasons, unjust enrichment is unavailable to the Trustee, and even if available, is barred by the Debtor's misconduct pled in the Amended Complaint.

**H.    Section 550 Limits the Trustee's Recovery to the Value of the Transfers**

31.     The Trustee seeks attorney's fees and alleges that the estate may recover them under the Texas Uniform Fraudulent Transfer Act ("TUFTA").  It cannot do so.  Funderz's position is simple and dictated by the Bankruptcy Code: the Trustee's recovery on avoidance claims is set by Section 550, which has no provision for attorney's fees.  *See* 11 U.S.C. § 550.

32.     It is black letter law that avoidance and recovery are separate claims: "Even though an action to avoid a transfer may be, and often is, brought in conjunction with an action to recover the property transferred or its value, a court must evaluate the two bases of relief separately." *Brown v. Phillips (In re Phillips)*, 379 B.R. 765, 780 (Bankr. N.D. Ill. 2007) (citing cases).

33.     For this reason, the Trustee cannot recover under TUFTA, only avoid whatever TUFTA would permit a creditor to avoid pursuant to the delegation of power in Section 544.  Once a transfer is avoided, the Trustee's recovery is controlled by Section 550.

34.     *Tow v. Speer*, No. CV H-11-3700, 2015 WL 12765414, at *10 (S.D. Tex. Aug. 17, 2015), cited by the Trustee, notes that the chapter 7 trustee obtained attorneys' fees on a judgment on claims including TUFTA claims, but does not even mention what these other claims might be.

35.     Instead, that case suggests that some of the successful, unidentified, claims did not permit the recovery of attorneys' fees: "When a plaintiff seeks attorneys' fees in a case involving multiple claims, at least one of which supports a fee award and at least one of which does not, the plaintiff must offer evidence segregating the hours worked between these claims." *Id*. at 11-12.

36.     The Trustee cites only one case directly holding that fees under TUFTA may be collected in a Section 544 proceeding: *Byman v. Denson (In re Edwards)*, 537 B.R. 797, (Bankr. S.D. Tex. 2015).  That single non-binding case from another bankruptcy district does not dictate what this Court must do.  That decision's reasoning on allowance of attorney fees is extremely

8

cursory, such that the entire analysis is this: "A bankruptcy trustee pursues the recovery of avoidable transfers on behalf of a bankruptcy estate to ensure that no single creditor receives a disproportionate share of a debtor's available assets. It would be an injustice to force creditors to pay for the right to be treated equally under the law." *Id*. at 806. This discussion does not address the legal fact that recovery is made under Section 550. The Court may not craft a remedy contrary to the Bankruptcy Code, which limits recovery to the "value of the property transferred."

37.     Even taken as written, *Byman* should give this Court pause: the Trustee is admittedly attempting to recover from the non-Debtor Affiliated Entities for Transfers they made. It is inequitable to assess attorneys' fees against Funderz for attempts to recover from non-Debtors for the benefit of the Debtor's creditors and to the potential detriment of the creditors of the Affiliated Entities.

38.     Additionally, as *Tow* highlights, recovery of fees must be made on a claim-by-claim basis. Even if fees are recoverable when using TUFTA pursuant to Section 544, they cannot be recovered under Section 548 or for unjust enrichment. Even if the Trustee may recover fees, the Court must limit the Trustee's recovery on any claims not dismissed to those permitted by TUFTA alone.

## I.     The Trustee Should Not Be Permitted to Cure Pleading Deficiencies Through Yet Another Amendment

39.     The Trustee submits that any of the serious deficiencies identified in the Motion and this Reply can be remedied by amendment. The Court should not permit such amendment, which has not been properly requested merely by an aside in the Response. Leave to amend should be denied when amendment would be futile, as determined by "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Production Co., LLC*, 234 F. 3d 863, 873 (5th Cir. 2000). Amendment may also be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously

9

allowed, [or] undue prejudice to the opposing party." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005).

40.     Many of the deficiencies in the Amended Complaint – primarily those related to estate property, entity separateness and the impact of an alter ego finding – are purely legal.  No factual repleading can correct them, so amendment would be futile.  Here, the Trustee has repeatedly failed to cure deficiencies: the initial Complaint and Amended Complaint are nearly identical; in the face of Funderz' first motion to dismiss the Trustee filed an Amended Complaint with nearly all of the same pleading issues as in the original.

41.     The Trustee has also employed a constantly-shifting theory for Funderz's liability for the Affiliated Entity Transfers: in Amended Complaint, liability was based on the incorrect assumption of *de facto* merger.  In the Response, liability is now based upon the Debtor's alleged "ownership" of Affiliated Entity funds.  The Trustee has also filed a motion for substantive consolidation of the Affiliated Entities in the main bankruptcy case, seeking to use the Court's equitable powers to effect a deemed retroactive merger of the Affiliated Entities and the Debtor.

42.     Each of these theories was raised only in response to a meaningful legal response from Funderz.  The Trustee filed the consolidation motion after seeing the alter ego arguments in Funderz's initial motion to dismiss.  Upon seeing Funderz's response to that motion, the Trustee created the new "deemed ownership" argument first raised in the Response.  This does not demonstrate a Trustee diligently pursuing mutually-exclusive theories at the same time.  The progression of theories has caused Funderz severe prejudice, dragging out the process of this litigation and incurring costs for both Funderz and the estate.  As it stands, Funderz must, out of an exercise of diligence, address each argument the Trustee appears to make, even as it abandons that argument for a newer one.

43.     Funderz submits that it is not liable to the Trustee on account of the Transfers. Funderz wants the Trustee to decide on a theory, make the best argument possible, and bring that

argument and supporting facts before the Court for adjudication.  The Court must dismiss the

Trustee's ill-pled claims without leave to amend.

## CONCLUSION

WHEREFORE, for the reasons discussed above and, in the Motion, the Amended

Complaint must be dismissed with prejudice.

Dated:  October 21, 2024              **SAUL EWING LLP**

                                      */s/ Micheal W. Bishop*
                                      Carmen Contreras-Martinez (admitted *pro hac vice*)
                                      701 Brickell Avenue, Suite 1700
                                      Miami, FL 33131
                                      (305) 428-4500
                                      carmen.contreras-martinez@saul.com

                                      -and-

                                      Turner N. Falk (admitted *pro hac vice*)
                                      Centre Square West
                                      1500 Market Street, 38th Floor
                                      Philadelphia, PA 19102-2186
                                      (215) 972-8415
                                      turner.falk@saul.com

                                      -and-

                                      **GRAY REED**

                                      Micheal W. Bishop (TX Bar No. 02354860)
                                      Amber M. Carson (TX Bar No. 24075610)
                                      1601 Elm Street, Suite 4600
                                      Dallas, Texas 75201
                                      (214) 954-4135
                                      mbishop@grayreed.com
                                      acarson@grayreed.com

                                      *Counsel to Funderz.Net, LLC*

4878-4514-4818

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 21, 2024, I caused a copy of the foregoing document to be served via electronic mail to the counsel listed below and via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

David B. Miller
SCHNEIDER MILLER REYNOLDS, P.C.
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
david@schneidlaw.com

-and-

T. Micah Dortch
Dortch Lindstrom Livingston Law Group
2613 Dallas Parkway, Suite 220
Plano, TX 75093
micah@dll-law.com

***Special Counsel for the Trustee Areya Holder Aurzada***

*/s/ Micheal W. Bishop*
Micheal W. Bishop

12

4878-4514-4818