| | |
|---|---|
| Carmen Contreras-Martinez (admitted *pro hac vice*)<br>**SAUL EWING LLP**<br>701 Brickell Avenue, Suite 1700<br>Miami, FL 33131<br>(305) 428-4500<br>carmen.contreras-martinez@saul.com<br><br>-and-<br><br>Turner N. Falk   (admitted *pro hac vice*)<br>**SAUL EWING LLP**<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102-2186<br>(215) 972-8415<br>turner.falk@saul.com<br><br>*Counsel to Funderz.Net, LLC* | Micheal W. Bishop<br>Texas Bar No. 02354860<br>Amber M. Carson<br>Texas Bar No. 24075610<br>**GRAY REED**<br>1601 Elm Street, Suite 4600<br>Dallas, Texas 75201<br>(214) 954-4135<br>mbishop@grayreed.com<br>acarson@grayreed.com<br><br>*Counsel to Funderz.Net, LLC* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>DENNIS JAMES ROGERS II,<br><br>　　　　　Debtor. | (Chapter 7)<br><br>Case No. 22-30500-SWE |
| AREYA HOLDER AURZADA, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF DENNIS JAMES ROGERS II<br><br>Plaintiff,<br><br>v.<br><br>FUNDERZ.NET, LLC<br><br>Defendant. | Adv. Pro. No. 24-03028-SWE |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

52340531.8
4913-4854-2762

Defendant Funderz.net, LLC ("Funderz") files this Answer and Affirmative Defenses to the *Second Amended Complaint to Avoid and Recover Fraudulent Transfers* filed on March 3, 2025 [Bankruptcy Dkt. No. 287] *(*the "Complaint")[1] filed by Areya Holder Aurzada, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of Dennis James Rogers II and respectfully states as follows:

## NATURE OF THE ACTION

1. Denied as conclusions of law and a statement of the Trustee's position to which no response is required.

## PARTIES

2. Admitted.

3. Admitted.

## NATURE OF THE ACTION

4. Denied as conclusions of law to which no response is required.

5. Admitted.

6. Denied as conclusions of law to which no response is required.

7. Denied as conclusions of law to which no response is required.

8. Denied as a statement of the Trustee's position to which no response is required.

## BANKRUPTCY PROCEEDING

9. Admitted.

---

[1] All capitalized defined terms have the same meaning as in the Complaint, but Defendant does not admit to the characterizations or factual conclusions implicit in these defined terms.

4913-4854-2762

## BACKGROUND

### A. Rogers and the Shell Entities

10. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same.

11. Admitted that Rogers was the sole owner of the Shell Entities on the date the bankruptcy petition was filed. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same.

12. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same.

13. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the factual allegations of this paragraph, and therefore denies same. The allegations of this paragraph are further denied as conclusions of law to which no response is required.

14. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the factual allegations of this paragraph, and therefore denies same. The allegations of this paragraph are further denied as conclusions of law to which no response is required.

### B. How the Scheme Worked

15. Admitted only that Rogers alleged that he offered products buying and selling water rights, and separately alleged that he offered products related to fuel rights. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same.

16. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the factual allegations of this paragraph, and therefore denies same.

17. Denied to the extent that this paragraph attempts to characterize the contents of a document, which speaks for itself. Admitted only that Rogers made representations to Defendant in 2019 which Defendant later determined were false when made. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same.

18. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same.

19. Denied that "the transaction with Funderz was hardly a traditional loan," as it was a traditional loan. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same. The remaining allegations of this paragraph are further denied as conclusions of law to which no response is required.

20. Denied as conclusions of law to which no response is required.

21. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same.

22. Denied to the extent that this paragraph attempts to characterize the contents of a document, which speaks for itself. Further denied as conclusions of law to which no response is required. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same.

C. **Funderz Invests and Recovers**

23. Denied.

24. Admitted only that in 2019, Funderz loaned money to OMTC for OMTC to purportedly purchase fuel, that Funderz loaned $10 million memorialized by a promissory note, security agreement and guarantee from Rogers, that Funderz was duped by Rogers, and was entitled to recover in excess of $15 million pursuant to the terms of the loan. The remaining allegations of this paragraph are denied.

25. Admitted only that Funderz believes it was repaid from approximately seven different accounts. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same.

26. Admitted only that Defendant or its counsel received payments on approximately the dates and in the amounts listed in the chart in this paragraph. After reasonable investigation, Defendant currently has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph including the exact accounts where Defendant or its counsel was paid, and therefore denies same. Further denied as a statement of the Trustee's position and conclusions of law to which no response is required.

27. Denied as a statement of the Trustee's position and conclusions of law to which no response is required.

28. Denied as a statement of the Trustee's position and conclusions of law to which no response is required.

29. Admitted only that, after Defendant initiated suit against Rogers and OMTC, Defendant became aware that Rogers used loaned funds for purposes other than the purchase of fuel. After reasonable investigation, Defendant has insufficient knowledge or information to admit

or deny the remaining allegations of this paragraph, and therefore denies same. Further denied as a statement of the Trustee's position and conclusions of law to which no response is required.

## CAUSES OF ACTION

A. **Avoidance of Actual Fraudulent Transfers—11 U.S.C. § 548(a)(1)(A)**

    1. **Actual Intent Based on an Admission**

30. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same. Further denied as a statement of the Trustee's position and conclusions of law to which no response is required. Further denied as a hypothetical averment of what Rogers may testify to, to which no response is required.

    2. **Actual Intent Based on the Operation of a Ponzi Scheme**

31. Defendant incorporates its responses in the preceding paragraphs. Further, this paragraph is denied as a statement of the Trustee's position and conclusions of law to which no response is required.

    3. **Actual Intent Based on the Badges of Fraud**

32. Denied as conclusions of law to which no response is required.

33. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same. Further denied as a statement of the Trustee's position and conclusions of law to which no response is required.

34. Admitted only that at least one lawsuit was pending against Rogers when he made the Transfers from accounts in his personal name. After reasonable investigation, Defendant has

insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same.

35. Admitted only that Rogers pled guilty to securities fraud in a federal proceeding. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same. Further denied as a statement of the Trustee's position and conclusions of law to which no response is required.

36. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same. Further denied as a statement of the Trustee's position and conclusions of law to which no response is required.

37. The allegation that "Rogers made the payments to Funderz for the safety of himself and his family in reaction to express threats by Funderz" is denied. The remainder of this paragraph is denied as a statement of the Trustee's position and conclusions of law to which no response is required.

38. Denied as a statement of the Trustee's position and conclusions of law to which no response is required.

**B.    Avoidance of Actual Fraudulent Transfers—Tex. Bus. & Comm. Code § 24.005(a)(1) through 11 U.S.C. §§ 544(b)(1)**

39. Defendant incorporates its responses in the preceding paragraphs.

40. Denied as conclusions of law to which no response is required.

41. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies same. Further denied as a statement of the Trustee's position and conclusions of law to which no response is required.

4913-4854-2762

42. Denied as conclusions of law to which no response is required.

### 1. Actual Intent Based on an Admission

43. After reasonable investigation, Defendant has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same. Further denied as a statement of the Trustee's position and conclusions of law to which no response is required. Further denied as a hypothetical averment of what Rogers may testify to, to which no response is required.

### 2. Actual Intent Based on the Operation of a Ponzi Scheme

44. Denied as conclusions of law to which no response is required.

### 3. Actual Intent Based on Badges of Fraud

45. Denied as conclusions of law to which no response is required.

46. Denied as conclusions of law to which no response is required. In the alternative, Defendant has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same.

47. Denied as conclusions of law to which no response is required.

**C.    Recovery of Fraudulent Transfers—11 U.S.C. § 550(a)**

48. Defendant incorporates its responses in the preceding paragraphs.

49. Denied as conclusions of law to which no response is required.

50. Admitted only that Defendant is the initial transferee of Transfers from accounts in the name of Dennis Rogers. The remainder of this paragraph is denied as conclusions of law to which no response is required. In the alternative, Defendant has insufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore denies same.

51. Denied as conclusions of law to which no response is required.

**D.     Attorney's Fees**

52. Denied as conclusions of law to which no response is required.

53. Denied as conclusions of law to which no response is required.

## PRAYER

Defendant denies that the Trustee is entitled to any relief on account of the Causes of Action in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Trustee's Cause of Action under 11 U.S.C. § 548(a)(1)(A) is barred in whole or in part pursuant to 11 U.S.C. § 548(c) including that Defendant took any alleged Transfer for value and in good faith.

### THIRD AFFIRMATIVE DEFENSE

The Trustee's Cause of Action under Tex. Bus. & Comm. Code § 24.005(a)(1) through 11 U.S.C. § 544(b)(1) is barred in whole or in part pursuant to Tex. Bus. & Comm. Code § 24.009(a).

### FOURTH AFFIRMATIVE DEFENSE

The Trustee's Cause of Action under Tex. Bus. & Comm. Code § 24.005(a)(1) through 11 U.S.C. § 544(b)(1) is barred in whole or in part pursuant to Tex. Bus. & Comm. Code § 24.009(d).

**FIFTH AFFIRMATIVE DEFENSE**

Contrary to the requirements of Fed. R. Civ. P. 9(b), the Complaint fails to plead each element of a fraudulent transfer claim under 11 U.S.C. § 548(a) or Tex. Bus. & Comm. Code § 24.005(a)(1) through 11 U.S.C. §§ 544(b)(1) with sufficient particularity.

**SIXTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred in whole or in part pursuant to 11 U.S.C. § 550(b) including that Defendant received any of the Transfers for value, in good faith and without knowledge of the voidability of the transfer avoided.

**SEVENTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred because reasonably equivalent value was provided by Defendant in return for transfers identified by the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, because the estate of the Debtor did not suffer any cognizable injury or diminution on account of any transfers made from accounts in the name of the Shell Entities.

**NINTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred as to Transfers from non-Debtor accounts, as a finding of alter ego does not effect a retroactive merger of the entities to give the Debtor an interest in the non-Debtor property transferred to Defendant.

**TENTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the Debtor's inequitable conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the Debtors' express, implied, or equitable release of the rights now asserted.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

The prayer in the Complaint seeks to avoid alleged Transfers pursuant to section 24.005(a)(2) of the Texas Business and Commerce Code, alleging the Debtor received less than reasonably equivalent value for the Transfers. Any such relief is barred by this Court's *Order Granting Motion to Dismiss* entered on February 21, 2025 [Adv. Dkt. No. 45].

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims for the avoidance of any of the Transfers that occurred prior to March 22, 2020 are barred pursuant to 11 U.S.C § 548(a)(1).

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred because Defendant took the transfers identified by the Complaint in good faith.

### RESERVATION OF RIGHTS

Defendant expressly reserves the right to assert additional affirmative defenses to the Complaint that may arise in the course of discovery.

4913-4854-2762

WHEREFORE, Defendant requests that each and every Cause of Action set forth in the Complaint be dismissed with prejudice; that costs be awarded to Defendant and against the Trustee in this adversary proceeding; and for such other and further relief as the Court deems just and appropriate.

Dated: March 17, 2025

**SAUL EWING LLP**

*/s/ Micheal W. Bishop*
Carmen Contreras-Martinez (admitted *pro hac vice*)
701 Brickell Avenue, Suite 1700
Miami, FL 33131
(305) 428-4500
carmen.contreras-martinez@saul.com

-and-

Turner N. Falk (admitted *pro hac vice*)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-8415
turner.falk@saul.com

-and-

**GRAY REED**

Micheal W. Bishop (TX Bar No. 02354860)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
mbishop@grayreed.com
acarson@grayreed.com

*Counsel to Funderz.Net, LLC*

4913-4854-2762

**CERTIFICATE OF SERVICE**

      I certify that on March 17, 2025, I caused a copy of the foregoing document to be served via electronic mail to the counsel listed below and via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

David B. Miller
SCHNEIDER MILLER REYNOLDS, P.C.
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
david@schneidlaw.com

-and-

T. Micah Dortch
Dortch Lindstrom Livingston Law Group
2613 Dallas Parkway, Suite 220
Plano, TX 75093
micah@dll-law.com

***Special Counsel for the Trustee Areya Holder Aurzada***

                                           */s/ Micheal W. Bishop*
                                           Micheal W. Bishop

4913-4854-2762