## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | **CASE NO. 22-30500-swe7** |
| **DENNIS JAMES ROGERS II,** | § | |
| Debtor. | § | **CHAPTER 7** |

| | | |
|---|---|---|
| **AREYA HOLDER AURZADA,** | § | |
| **CHAPTER 7 TRUSTEE FOR THE** | § | |
| **BANKRUPTCY ESTATE OF** | § | |
| **DENNIS JAMES ROGERS II** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adversary No. 24-03028** |
| | § | |
| **FUNDERZ.NET, LLC,** | § | |
| Defendant. | § | |

### PLAINTIFF AREYA HOLDER AURZADA, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF DENNIS JAMES ROGERS II'S MOTION TO COMPEL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Areya Holder Aurzada, Chapter 7 Trustee for the Bankruptcy Estate of Dennis James Rogers II ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 37 as applicable to this adversary proceeding, hereby files this Motion to Compel upon Defendant Funderz.net, LLC ("Funderz") and would show the Court as follows:

After extensive Rule 12(b)(6) motion practice still left Funderz facing discovery and trial, Funderz decided to abandon this case. By way of example, Plaintiff served its First Request for Production of Documents upon Defendant Funderz.net, LLC on July 1, 2025. Funderz did not respond or object.

Further, when serving the First Request for Production of Documents, counsel for Plaintiff requested available dates for the depositions of multiple witnesses. Counsel for Funderz provided

no deposition dates.  Undersigned counsel then sent deposition notices to counsel for Funderz along with a letter offering to continue to work toward agreed dates for depositions.  Funderz did not reply to the letter, did not move to quash the depositions and, ultimately, did not appear for the depositions or provide witnesses for the depositions.

Facing trial, Funderz consented to an Agreed Judgment in the entire amount sought by Plaintiff.

Funderz was represented by counsel throughout this process and continues to be represented by the same counsel.

On November 6, 2025, the undersigned counsel served Trustee's First Post-Judgment Request for Production of Documents on counsel of record.  The November 6, 2025 correspondence and the First Post-Judgment Request for Production of Documents are attached as **Exhibit A**.  The time for any objection or response has passed. Being consistent, Funderz made no response to the First Post-Judgment Request for Production of Documents.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court enter an Order that (1) objections to the First Post-Judgment Request for Production have been waived, (2) Funderz shall  produce all responsive documents, electronically and in native format when applicable, to the office of the undersigned counsel, without objection, within seven (7) days of the entry of an Order, and (3) Plaintiff be awarded reasonable attorney fees and expenses , to be determined by separate Affidavit or at any hearing , for bringing this Motion, and for such other and further relief to which Plaintiff may be entitled.


Dated:  December 11, 2025                    Respectfully submitted,

                                             By: */s/ David B. Miller*
                                                 David B. Miller

Texas Bar No. 00788057
SCHNEIDER MILLER REYNOLDS, P.C.
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
Telephone:  (972) 479-1112
Facsimile:  (972) 479-1113
and
T. Micah Dortch
Texas Bar No. 24044981
Dortch Lindstrom Livingston Law Group
2613 Dallas Parkway, Suite 220
Plano, TX  75093
Telephone:  214-252-8258
Facsimile:  888-653-3299

**Special Counsel for the Trustee**

## CERTIFICATE OF CONFERENCE

I spoke to Turner Falk, counsel for Funderz, and he stated that Funderz is opposed to the relief sought in this Motion to Compel.

*/s/ David B. Miller*
David B. Miller

## CERTIFICATE OF SERVICE

I certify that on December 11, 2025, I caused a copy of the foregoing document to be served via electronic mail to the counsel listed below:

Funderz.Net, LLC
c/o Carmen Contreras-Martinez
SAUL EWING LLP
701 Brickell Avenue, Suite 1700
Miami, FL 33131
carmen.contreras-martinez@saul.com
-and-
Turner N. Falk
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
turner.falk@saul.com

**Counsel to Funderz.Net, LLC**

*/s/ David B. Miller*
David B. Miller

EXHIBIT
A

**David Miller**

| | |
|---|---|
| **From:** | David Miller |
| **Sent:** | Thursday, November 6, 2025 12:18 PM |
| **To:** | 'Falk, Turner N.' |
| **Cc:** | 'Contreras-Martinez, Carmen'; Kathleen Yant; 'micah@dll-law.com' |
| **Subject:** | RE: Trustee v. Funderz |
| **Attachments:** | 24-03028 RFP to Funderz (10-30-2025).pdf |

Turner,

Based on our conversation just now, since you remain counsel of record, I am formally serving you with the Trustee's First Post-Judgment Request for Production of Documents. Also, based on your permission under the circumstances we discussed, I am sending a certified mail directly to Funderz at their registered business address. To be clear, responses and documents are due in 30 days.

David Miller
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
Phone 972-479-1112
Fax 972-479-1113
David@schneidlaw.com

**From:** David Miller
**Sent:** Monday, November 3, 2025 9:08 AM
**To:** Falk, Turner N. <turner.falk@saul.com>
**Cc:** Contreras-Martinez, Carmen <carmen.contreras-martinez@saul.com>; Kathleen Yant <kathleen@schneidlaw.com>; micah@dll-law.com
**Subject:** Trustee v. Funderz

Turner,

I have attached the Trustee's First Post-Judgment Request for Production of Documents. We previously discussed that your firm may not continue in its representation of Funderz in this matter. **Please let us know by tomorrow at noon CST whether your firm will continue to represent Funderz in this matter and thus you accept service via this email.** If your firm will not continue the representation and thus do not accept service, please formally withdraw pursuant to Local Bankruptcy Rule 2091.1 and provide the required information. Thank you.

David Miller
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
Phone 972-479-1112
Fax 972-479-1113

1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CASE NO. 22-30500-swe7** |
| **DENNIS JAMES ROGERS II,** | § | |
| Debtor. | § | **CHAPTER 7** |

| | | |
|---|---|---|
| **AREYA HOLDER AURZADA,** | § | |
| **CHAPTER 7 TRUSTEE FOR THE** | § | |
| **BANKRUPTCY ESTATE OF** | § | |
| **DENNIS JAMES ROGERS II** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adversary No. 24-03028** |
| | § | |
| **FUNDERZ.NET, LLC,** | § | |
| Defendant. | § | |

**PLAINTIFF AREYA HOLDER AURZADA, CHAPTER 7 TRUSTEE FOR THE**
**BANKRUPTCY ESTATE OF DENNIS JAMES ROGERS II'S,**
**POST-JUDGMENT REQUEST FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT FUNDERZ.NET, LLC**

TO:   Defendant Funderz.net, LLC, by and through its counsel of record, Turner N. Falk, Saul Ewing LLP, Centre Square West, 1500 Market Street, 38th Floor, Philadelphia, PA 19102-2186 and Carmen Contreras-Martinez, Saul Ewing LLP, 701 Brickell Avenue, 17th Floor, Miami, FL  33131.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure or other applicable law, Plaintiff Areya Holder Aurzada, Chapter 7 Trustee for the Bankruptcy Estate of Dennis James Rogers II, hereby serves this Post-Judgment Request for Production of Documents upon Defendant Funderz.net, LLC ("Funderz"). Plaintiff directs the Defendant to provide a written response to the following requests and produce for inspection and copying the documents and things requested herein, within thirty (30) days after the date of service hereof, at the offices of Schneider Miller Reynolds, P.C., 300 N. Coit Road, Suite 1125, Richardson, Texas 75080.

## **Definitions**

1.      "Document" shall have the broadest meaning accorded to it under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.  When available, documents should be produced in native format.

2.      "Communication" means any transmission of information by any means, including but not limited to, written, oral, or electronic transmission.

3.      "Fraudulent Transfer" refers to any transfer of assets or property made by Defendant Funderz.net that is alleged to be fraudulent under the claims of actual or constructive fraud as set forth in the Complaint.

4.      "You" or "Your" or "Funderz" or "Defendant Funderz" refers to Defendant Funderz.net, LLC, including its d/b/a's, subsidiaries, successor entities including, but not limited to HOP Capital, LLC, agents, owners, members, employees, representatives, and any other person acting or purporting to act on its behalf.

5.      "Lawsuit" means and refers to Case No. 24-03028; *Areya Holder Aurzada, Chapter 7 Trustee for the Bankruptcy Estate of Dennis James Rogers II v. Funderz.net, LLC* in the United States Bankruptcy Court for the Northern District of Texas Dallas Division.

6.      "Rogers' Controlled Entities" means and refers to Organ Mountain Energy, LLC; OMTC, Inc.; Nomad Development, LLC; Bootstrap Ventures, LLC, and Push Start Industries, LLC.

## Requests for Production

1.      All documents and communications relating to any transfer of assets or property or cash by Defendant Funderz to Dennis Rogers and/or any of the Dennis Rogers' Controlled Entities.

RESPONSE:

2.      All documents and communications relating to any receipt of assets or property or cash by Defendant Funderz from Dennis Rogers and/or any of the Dennis Rogers' Controlled Entities.

RESPONSE:

3.      All documents and communications relating to any receipt of assets or property or cash by Defendant Funderz from Dennis Rogers and/or any of the Dennis Rogers' Controlled Entities as alleged in Cause No. DC-20-01897; *Funderz.net LLC v. OMTC, Inc. and Dennis James Rogers, II* in the 191st District Court of Dallas County, Texas.

RESPONSE:

4.      All text messages and e-mails sent or received by Defendant Funderz that relate to the alleged Fraudulent Transfers, including any discussions of the purpose, timing, or method of such transfers to and from Dennis Rogers and the Rogers' Controlled Entities.

RESPONSE:

5.      All documents obtained, prepared by, or prepared for Defendant Funderz concerning the alleged Fraudulent Transfers, including any internal memoranda, analysis or assessment of the impact of such transfers on Defendant's financial condition, any investigative report, applications, public records gathered or documents obtained from Rogers or Rogers' Controlled Entity.

RESPONSE:

6.      All correspondence between Defendant Funderz and any third parties including but not limited to, financial institutions, advisors, or consultants regarding the alleged fraudulent transfers or any of the allegations or claims in the Lawsuit.

RESPONSE:

7.      All board meeting minutes or resolutions of Defendant Funderz for the last ten (10) years.

RESPONSE:

8.      All documents evidencing any consideration received by Defendant Funderz from Dennis Rogers or any of the Rogers' Controlled Entities in exchange for the alleged Fraudulent Transfers including, but not limited to, documents evidencing or relating to the $11.5 million Funderz identifies in its Third Amended Petition in Cause No. DC-20-01897; *Funderz.net LLC v. OMTC, Inc. and Dennis James Rogers, II* in the 191st District Court of Dallas County, Texas.

RESPONSE:

9.      All communications with any regulatory or governmental body concerning the alleged Fraudulent Transfers.

RESPONSE:

10.      All bank statements showing the transfer of funds from Dennis Rogers and/or Rogers' Controlled Entities to Funderz and any subsequent transfer by Funderz of those funds to Defendant and what happened to those funds following transfer to the Defendant.

RESPONSE:

**PLAINTIFF'S POST-JUDGMENT REQUEST FOR PRODUCTION**                    **Page 4**

11.    All documents obtained in discovery from Defendants in the Cause No. DC-20-01897; *Funderz.net LLC v. OMTC, Inc. and Dennis James Rogers, II* in the 191ˢᵗ District Court of Dallas County, Texas.

RESPONSE:

12.    Documents reflecting the terms of the settlement agreement in Case No. 1:22-cv-02170-LJL; *Lateral Recovery LLC, Benchmark Builders, Inc., FTE Networks, Inc., JUS-COM LLC, and Focus Wireless, LLC v. Funderz.net, LLC d/b/a Hop Capital and d/b/a Business Merchant Funding, Joseph Yitzchakov a.k.a. Joseph Isaacov, Gavriel Yitzchakov a.k.a. Gabe Isaacov, and John and Jane Doe Investors* in the United States District Court for the Southern District of New York.

RESPONSE:

13.    Any and all documents and records of checking, savings, or any other type of account maintained by Defendant Funderz with any type of financial institution during the last ten (10) years including, but not limited to, monthly account statements, checks, check registers, check stubs, canceled checks and deposit slips.

RESPONSE:

14.    Any and all signature cards that name Defendant Funderz as an authorized signatory on any financial account for any entity or person for the last ten (10) years.

RESPONSE:

15.    All documents that refer to, relate to, reflect or concern any and all transfers from any account maintained by Defendant Funderz with any type of financial institution to any other account maintained by Defendant Funderz or any third party, during the last ten (10) years.

RESPONSE:

**PLAINTIFF'S POST-JUDGMENT REQUEST FOR PRODUCTION**                                    **Page 5**

16.    All documents that refer to, relate to, reflect or concern any transfers to any account maintained by Defendant Funderz with any type of financial institution from any account maintained by a third party, during the last ten (10) years.

RESPONSE:

17.    All documents that refer to, relate to, reflect or concern any wire transfers from any account maintained by Defendant Funderz with any type of financial institution to any other account maintained by Defendant Funderz or any third party, during the last ten (10) years.

RESPONSE:

18.    All documents that refer to, relate to, reflect or concern any wire transfers to any account maintained by Defendant Funderz with any type of financial institution from any account maintained by a third party, during the last ten (10) years.

RESPONSE:

19.    Any and all documents submitted to any financial institution or any other entity or person by Defendant Funderz for any loan or advance in any capacity including, but not limited to, as borrower, guarantor, or surety, for the last ten (10) years.

RESPONSE:

20.    Any and all documents that refer to, relate to, reflect or concern any application signed by Defendant Funderz to open a foreign or offshore financial account in the name of Defendant Funderz and/or any other entity or person.

RESPONSE:

21.    Any and all documents and records of stocks, stock options, bonds, mutual funds, debentures, partnership certificates, or any other evidence of investments owned or held by Defendant Funderz during the last ten (10) years.

RESPONSE:

22.    Any and all documents concerning any interest in, or claimed title to, any certificates or deposit, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits or escrow funds owned or held by Defendant Funderz currently or during the last ten (10) years.

RESPONSE:

23.    Any and all documents that refer to, relate to, reflect or concern any real property owned by Defendant Funderz in the last ten (10) years.

RESPONSE:

24.    Any and all documents that refer to, relate to, reflect or concern encumbrances on any real property owned by Defendant Funderz.  Such documents include, but are not limited to, liens and mortgages.

RESPONSE:

25.    Any and all documents that refer to, relate to, reflect or concern any deeds or mortgages held by Defendant Funderz as tenants by the entirety, tenants in common, and joint tenants.

RESPONSE:

26.    Any and all deeds of trust, mortgages, notes receivable, pledges or security interests in favor of Defendant Funderz held at present or owned during the last ten (10) years.

RESPONSE:

27.    Any and all promissory notes and mortgages signed by Defendant Funderz within the past ten (10) years.

RESPONSE:

28.    Any and all checks, receipts, deeds or other evidence of the present ownership by Defendant Funderz of any interest in real property (land) whether residential or otherwise, wherever situated.

RESPONSE:

29.    Any and all checks, receipts, deeds or any other evidence of the sale by Defendant Funderz of any real property (land), or any interest in real property within the past ten (10) years.

RESPONSE:

30.    All documents that refer to, relate to, reflect or concern any time-shares that Defendant Funderz enjoys the use of.

RESPONSE:

31.    Any and all deeds that title any real property to Defendant Funderz as trustee for any other entity or person.

RESPONSE:

32.    Any and all leases of real property by which Defendant Funderz is/are the landlord or has/have any ownership interest.

RESPONSE:

33.    Any and all leases of real property from which Defendant Funderz receive(s) rental income.

RESPONSE:

34.    Any and all rent rolls for all properties in which Defendant Funderz has/had an ownership interest during the last ten (10) years.

RESPONSE:

35.     All documents referring in any way, directly or indirectly, to any and all persons or entities who have appraised or provided any other form of valuation for any real or personal property for Defendant Funderz during the last ten (10) years.  Such documents include, but are not limited to appraisals or other types of valuation related to all properties in which Defendant Funderz has or had an interest in.

RESPONSE:

36.     All documents that refer to, relate to, reflect or concern any records of salaries, commissions, bonuses, income from employment, dividends, royalties, allowances, expenses, or any other sums of money paid to Defendant Funderz or received by Defendant Funderz within the last ten (10) years.

RESPONSE:

37.     All documents that refer to, relate to, reflect, concern or identify the name(s) and address(es) of the person or persons who have custody of records of salaries, commissions bonuses, allowances, expenses, or any other sums of money paid to Defendant Funderz or received by Defendant Funderz within the last ten (10) years.

RESPONSE:

38.     Any and all documents that identify the name(s) and address(es) of all parties that issued commission checks to Defendant Funderz within the last ten (10) years.

RESPONSE:

39.     All documents that refer to, relate to, reflect or concern any employment contracts that Defendant Funderz entered into within the last ten (10) years.

RESPONSE:

40.    All documents that identify the name(s) and address(es) of any person or entity with whom Defendant Funderz entered into an independent contractor relationship.

RESPONSE:

41.    All documents that refer to, relate to, reflect or concern in any way, directly or indirectly, any and all businesses in which Defendant Funderz is/are a stockholder, partner, officer, director, owner, or registered agent.

RESPONSE:

42.    All documents that refer to, relate to, reflect or concern in any way, directly or indirectly, any interest that Defendant Funderz may have in any businesses, partnerships, corporations, or joint ventures.

RESPONSE:

43.    Any and all corporate charters, minutes of stockholders meetings, resolutions, or recorded evidence of any kind relating to the affairs of any corporation owned by Defendant Funderz, or any subsidiary or other entity in which such corporation holds an ownership interest during the past ten (10) years.

RESPONSE:

44.    Lists of all customers, clients, etc. of any kind with which Defendant Funderz (or any corporation or business entity owned or operated by Defendant Funderz) does business or has done business during the past ten (10) years.

RESPONSE:

45.    A current list of all account receivables held by Defendant Funderz, or which receivables are owned by Defendant Funderz or a business entity owned or operated by Defendant Funderz.

RESPONSE:

46.    All documents that refer to, relate to, reflect or concern any items of personal property in which Defendant Funderz own(s) or claim(s) any interest.

RESPONSE:

47.    Certificates of title or other evidence of ownership to any boat, motor vehicle, aircraft, tractor, agricultural or construction equipment, or any similar mobile equipment owned by, or in the possession of, Defendant Funderz or any corporation or business entity owned or operated by Defendant Funderz during the last ten (10) years.

RESPONSE:

48.    All documents that refer to, relate to, reflect or concern any dock slips or the right of Defendant Funderz to dock any watercraft, whether they have a legal or beneficial interest in such slips or right.

RESPONSE:

49.    All local, state and federal tax returns filed by Defendant Funderz during the last ten (10) years, including all attachments, schedules, W-2's, K-1's, 1098 and 1099 forms.

RESPONSE:

50.    Copies of all 1099-D's or 1099-I's issued to Defendant Funderz within the past ten (10) years.

RESPONSE:

51.    All documents that refer to, relate to, reflect or concern any and all income tax returns filed by Defendant Funderz for the previous ten (10) years including, but not limited to, all drafts and work papers utilized by and/or prepared for accountants for tax return preparation purposes.

**PLAINTIFF'S POST-JUDGMENT REQUEST FOR PRODUCTION**                    **Page 11**

RESPONSE:

52.     Any and all documents that refer to, relate to, reflect or concern the transfer, sale or gift of any assets (in excess of $300.00) of Defendant Funderz to any person, individual and/or business entity in the past ten (10) years.

RESPONSE:

53.     Any and all documents reflecting revenue and/or financial information of Defendant Funderz (or any corporations or business entities owned or operated by Defendant Funderz) which have been prepared during the last ten (10) years including, but not limited to, all financial statements and/or balance sheets of Defendant Funderz.

RESPONSE:

54.     All documents that refer to, relate to, reflect, concern or identify in any way, directly or indirectly, the name and address of persons or entities to whom Defendant Funderz has given a financial statement in the last ten (10) years.

RESPONSE:

55.     All documents that refer to, relate to, reflect or concern in any way, directly or indirectly, financial statements prepared by Defendant Funderz in the last ten (10) years.

RESPONSE:

56.     All documents containing, referring, relating, reflecting, concerning or identifying in any way directly or indirectly, to the names and addresses of persons who have served as accountants, bookkeepers, tax return preparers, or financial advisers for Defendant Funderz during the last ten (10) years.

RESPONSE:

57.     All documents that identify by cause number and jurisdiction lawsuits in which Defendant Funderz has been a party during the last ten (10) years including, but not limited to, pleadings and judgments.

RESPONSE:

58.     All documents that refer to, relate to, reflect or concern in any way, directly or indirectly, any legal cause of action, either real or anticipated, by or against Defendant Funderz.

RESPONSE:

59.     All documents that refer to, relate to, reflect or concern in any way, directly or indirectly, the anticipated amount of recovery in any legal cause of action, either real or anticipated, by Defendant Funderz.

RESPONSE:

60.     Any and all documents that refer to, relate to, reflect or concern any depository including, but not limited to, safes, vaults, safe-deposit boxes, lock boxes and/or storage facilities to which Defendant Funderz has/had access.

RESPONSE:

61.     All documents that refer to, relate to, reflect, concern or identify the name(s) and address(es) of any storage facility or mini-warehouse to which Defendant Funderz has access.

RESPONSE:

62.     Any and all documents that refer to, relate to, reflect or concern any life insurance policies in which Defendant Funderz is the beneficiary.

RESPONSE:

63.     All documents that refer to, relate to, reflect or concern in any way, directly or indirectly, any insurance benefits or payments owed to or due to Defendant Funderz.

RESPONSE:

64.     All documents that refer to, relate to, reflect, concern or identify the name(s) and address(es) of any insurance agents that Defendant Funderz has/had conducted business with during the last ten (10) years.  Such documents include, but are not limited to, documents relating to insurance agents dealing with life insurance, health insurance, liability insurance, and automobile insurance.

RESPONSE:

65.     Any and all documents that refer to, relate to, reflect or concern any interest in, or claimed title to, any Keogh plans, individual retirement accounts, annuities, profit-sharing plans, retirement benefits, or other retirement plans owned or held by Defendant Funderz currently or during the last ten (10) years.

RESPONSE:

66.     Any and all documents which refer to, relate to reflect or concern Defendant Funderz's ownership interest in any business, partnership, joint venture or corporate or non-corporate legal entity currently or during the last ten (10) years.

RESPONSE:

67.     Any and all legal instruments executed or signed by Defendant Funderz creating any trusts.

RESPONSE:

68.     All documents that refer to, relate to, reflect or concern in any way, directly or indirectly, any assets held in trust, in an estate, or in any other name or capacity in which Defendant Funderz claim(s) or has/had an interest.

RESPONSE:

**PLAINTIFF'S POST-JUDGMENT REQUEST FOR PRODUCTION**                              **Page 14**

69.     All documents that refer to, relate to, reflect or concern any trusts in which Defendant Funderz has/had contributed or otherwise transferred, whether directly or indirectly, any assets within the past ten (10) years.

RESPONSE:

70.     All documents evidencing any trusts and the assets contained therein for trusts which Defendant Funderz is a grantor, settlor, a beneficiary, or trustee.

RESPONSE:

71.     Any and all documents that refer to, relate to, reflect or concern any interest in, or claim of title to, any patents, copyrights, trademarks, service marks, franchises or other such licenses owned or held by Defendant Funderz currently or during the last ten (10) years.

RESPONSE:

72.     Any and all documents that refer to, relate to, reflect or concern any interest in, or claim of title to royalties of any kind, oil and gas rights, timber rights, and mineral rights that Defendant Funderz currently has or has had during the last ten (10) years.

RESPONSE:

73.     Any and all documents that refer to, relate to, reflect or concern any guns, jewelry, coins, antiques, paintings, art, or other similar assets or property owned by Defendant Funderz currently or during the last ten (10) years.

RESPONSE:

74.     Any and all documents that refer to, relate to, reflect or concern any livestock owned by Defendant Funderz currently or during the last ten (10) years.

RESPONSE:

75.     Any and all documents that refer to, relate to, reflect or concern liabilities of Defendant Funderz including, but not limited to, notes payable, credit card statements, loans, judgments, judgment demands, and unpaid accounts.

RESPONSE:

76.     All documents that refer to, relate to, reflect or concern in any way, directly or indirectly, any of the unpaid taxes for which Defendant Funderz is liable.

RESPONSE:

77.     Any and all documents that refer to, relate to reflect or concern any settlement agreements or evidence of the receipt of any payments by Defendant Funderz arising from any litigation in the past ten (10) years to which Defendant Funderz has/had been a party and/or a beneficiary.

RESPONSE:

78.     All documents that refer to, relate to, reflect or concern in any way, directly or indirectly, any filing in bankruptcy by Defendant Funderz or any assignment by Defendant Funderz for the benefit of creditors

RESPONSE:

79.     All passports of Defendant Funderz.

RESPONSE:

80.     All professional licenses of Defendant Funderz.

RESPONSE:

81.     All birth certificates and social security cards of Defendant Funderz.

RESPONSE:

82.     Any and all documents that refer to, relate to, reflect or concern any and all assets of Defendant Funderz.

RESPONSE:

83.     All documents that refer to assets owned by Defendant Funderz.

RESPONSE:

84.     All documents, that relate to, refer to, reflect, or concern any conveyance, sale, gift, or any other transfer of any asset owned by Defendant Funderz.

RESPONSE:

85.     Documents showing payments or transfers to/from Funderz to any owner or member of Funderz in the last ten (10) years.

RESPONSE:

86.     Documents identifying any past, pending, or threatened administrative, tax, or criminal investigation into Funderz.

RESPONSE:

87.     Documents identifying the corporate status and/or standing in any state of Defendant Funderz in the last ten (10) years.

RESPONSE:


                                   Respectfully submitted,

                                   By: */s/ David B. Miller*_____
                                        David B. Miller
                                        Texas Bar No. 00788057
                                        SCHNEIDER MILLER REYNOLDS, P.C.
                                        300 N. Coit Road, Suite 1125
                                        Richardson, Texas 75080
                                        Telephone:  (972) 479-1112
                                        Facsimile:  (972) 479-1113
                                        And


**PLAINTIFF'S POST-JUDGMENT REQUEST FOR PRODUCTION**                    **Page 17**

T. Micah Dortch
Texas Bar No. 24044981
Dortch Lindstrom Livingston Law Group
2613 Dallas Parkway, Suite 220
Plano, TX  75093
Telephone:  214-252-8258
Facsimile:  888-653-3299

*Special Counsel for the Trustee*

## CERTIFICATE OF SERVICE

I certify that on November 6, 2025 I caused a copy of the foregoing document to be served via electronic mail to the counsel listed below:

Funderz.Net, LLC
c/o Carmen Contreras-Martinez
SAUL EWING LLP
701 Brickell Avenue, Suite 1700
Miami, FL 33131
carmen.contreras-martinez@saul.com
-and-
Turner N. Falk
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
turner.falk@saul.com

*Counsel to Funderz.Net, LLC*

*/s/ David B. Miller*
David B. Miller