**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

In re:

DENNIS JAMES ROGERS II,

    Debtor.

(Chapter 7)
Case No. 22-30500-SWE

AREYA HOLDER AURZADA, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF DENNIS JAMES ROGERS II,

    Plaintiff,

v.

FUNDERZ.NET, LLC,

    Defendant.

Adv. Pro. No. 24-03028-SWE

**PLAINTIFF'S MOTION TO REOPEN THE CASE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

    Plaintiff Areya Holder Aurzada, Chapter 7 Trustee for the Bankruptcy Estate of Dennis James Rogers II (the "Trustee"), respectfully submits this Motion to Reopen this adversary proceeding to conduct post-judgment discovery.

**INTRODUCTION**

    This Court previously entered an Agreed Judgment in this matter.  The time for any appeal is over.  The Trustee wishes to pursue all avenues to collect this Agreed Judgment.  The Trustee served a First Post-Judgment Request for Production.  The Defendant made no response.

**ARGUMENT**

A.    **Rule 69(a)(2) Provides Independent Authority for Post-Judgment Discovery**

    Federal Rule of Civil Procedure 69(a)(2), incorporated into bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7069, provides:

> *In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.*

Fed. R. Civ. P. 69(a)(2). This authority is self-executing. The rule does not condition the right to post-judgment discovery on any showing of need nor does it require leave of court or any preliminary motion.

**B.    Fifth Circuit Authority Confirms Broad Post-Judgment Discovery Rights**

The Fifth Circuit has recognized the broad scope of Rule 69(a) discovery rights. In *FDIC v. LeGrand*, 43 F.3d 163, 171 (5th Cir. 1995), the Fifth Circuit held that Rule 69(a) allows a judgment creditor the choice of federal or state discovery methods in the post-judgment phase.

**C.    Administrative Case Closure Does Not Affect Jurisdiction**

The distinction between administrative case closure and the court's continuing jurisdiction to enforce its judgments is well established. As one court explained, the filing of a notice of appeal "does not divest this court of jurisdiction to compel discovery in aid of execution." *Resolution Trust Corp. v. Kolea*, Civ. A. No. 90-6287, 1996 WL 89376, at *1 (E.D. Pa. Feb. 27, 1996). If a pending appeal does not divest a court of jurisdiction to compel post-judgment discovery, administrative closure of the case cannot have that effect.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court reopen this case for further handling of post judgment motions and discovery.

Dated:  December 15, 2025            Respectfully submitted,

                                                By: */s/ David B. Miller*
                                                   David B. Miller
                                                 Texas Bar No. 00788057
                                                 SCHNEIDER MILLER REYNOLDS, P.C.
                                                 300 N. Coit Road, Suite 1125
                                                 Richardson, Texas 75080
                                                 Telephone:  (972) 479-1112
                                                 Facsimile:  (972) 479-1113
                                                 and

By: */s/ T. Micah Dortch*
T. Micah Dortch
Texas Bar No. 24044981
Dortch Lindstrom Livingston Law Group
2613 Dallas Parkway, Suite 220
Plano, TX 75093
Telephone: 214-252-8258
Facsimile: 888-653-3299

*Special Counsel for the Trustee*

## CERTIFICATE OF SERVICE

I certify that on December 15, 2025, I caused a copy of the foregoing document to be served via electronic mail to the counsel listed below:

Funderz.Net, LLC
c/o Carmen Contreras-Martinez
SAUL EWING LLP
701 Brickell Avenue, Suite 1700
Miami, FL 33131
carmen.contreras-martinez@saul.com
-and-
Turner N. Falk
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
turner.falk@saul.com

*/s/ David B. Miller*
David B. Miller